UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MICHAEL MORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:08-CR-016 |
| | ) | 2:14-CV-129 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Michael Morris, ("petitioner"), has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 266]. For the reasons discussed in this memorandum and order, his motion will be DENIED.

**I.     Background**

In a superseding indictment filed on August 12, 2008, petitioner was charged in Count One with conspiring with other defendants to distribute and to possess with the intent to distribute 50 or more grams of cocaine base ("crack"), and in six other counts with additional cocaine or crack offenses.[1]

On January 7, 2009, petitioner and the United States entered into a plea agreement [doc. 131], in which petitioner pled guilty to Count One. In that plea agreement, petitioner waived his right to collaterally attack his conviction and sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct unknown to him at the time of entry of judgment.[2]

---

[1] Doc. 88.
[2] Doc. 131, ¶14(b).

As shown by the government's notice filed pursuant to 21 U.S.C. § 851, petitioner had two prior felony drug convictions.[3] At that time, the punishment for a defendant who conspired to distribute 50 or more grams of crack and who had two prior felony drug convictions was a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A)(iii) [2006 ed.].

The government later amended its § 851 notice to the extent that it sought an enhanced sentence based on only *one* prior felony drug conviction.[4] By virtue of that amended § 851 notice, petitioner was subject to only a mandatory minimum sentence of 20 years under the version of 21 U.S.C. § 841(b) then in effect.

Petitioner's sentencing range under the 2008 version of the United States Sentencing Guidelines was 135 to 168 months' imprisonment.[5] However, as required by statute, the Court sentenced him to the mandatory minimum 240 months of imprisonment, as well as ten years on supervised release.[6]

As a result of the Fair Sentencing Act's increase of the amount of crack required to trigger a given sentence and *Dorsey v. United States*, 567 U.S. 260 (2012), this Court re-sentenced petitioner under 21 U.S.C. § 841(b)(1)(B) to the then-applicable minimum mandatory sentence of 120 months, plus eight years' supervised release.[7] Petitioner's guideline range remained 135 to 168 months of imprisonment, but the Court varied downward to the mandatory minimum.

## II. Petitioner's Motion

Petitioner makes two claims in his § 2255 motion. First, he argues that in its amended judgment, this Court's imposition of 10 years of supervised release in addition to the 10 years of

---

[3] Doc. 46.
[4] Doc. 213.
[5] Presentence Report, ¶¶ 25, 32, 33, 46, 56.
[6] Judgment, Doc. 217.
[7] Amended Judgment, Doc. 261.

imprisonment was substantively and procedurally unreasonable because the term of supervised release should have been reduced commensurately with the reduction of imprisonment.[8] Second, he maintains that he has been an exemplary prisoner, and therefore any re-sentencing should take his rehabilitation into account, relying upon *Pepper v. United States*, 562 U.S. 476 (2011).

### III.   Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255.   Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief.  If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).  "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."  *O'Malley*, 285 F.2d at 735 (citations omitted).  A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit.  *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the

---

[8]  Actually, it was reduced, from 10 years to 8.

proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir. 1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir. 1996). In order to obtain collateral relief under §2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

## IV. Analysis

***First Claim: The term of supervised release was substantively and procedurally unreasonable***

Petitioner does not claim that he did not have at least one prior felony drug conviction. He only argues that that his second sentence included 10 years' of supervised release (actually, it was 8), and that his term of supervised release should have been reduced by some amount, presumably by half, similar to the reduction of his term of imprisonment.

The eight-year term of supervised release was and is mandated by statute:

> [A]ny sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment *and shall, if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment.*

21 U.S.C. §841(b)(1)(B) (italics supplied)

Lastly, in his plea agreement the petitioner waived his right to collaterally attack his sentence or conviction with the exception of two circumstances, ineffective assistance of counsel

or prosecutorial misconduct, neither of which is at issue here. Such waivers are constitutional and much be given effect by the courts. *Davila v. United States*, 258 F.3d. 448, 450 (6th Cir. 2001).

Petitioner's first claim is both meritless and waived.

***Second Claim: Petitioner's conduct while incarcerated should be taken into account when he is re-sentenced.***

It is not clear whether petitioner argues that his conduct should be considered when he is re-sentenced after the court grants his first claim, or whether he is arguing that his good conduct, standing alone, constitutes an independent basis to set aside his sentence and thereafter re-sentence him. If the former, the court of course is not granting his first claim, and *Pepper* therefore would not apply since the Supreme Court made it clear in its opinion that rehabilitation may be considered when a defendant's sentence has been set aside on appeal (or, presumably, upon a §2255 motion). *Pepper*, 562 U.S. at 481. Since the court is not setting aside petitioner's sentence based on his first claim, *Pepper* is irrelevant.

If, however, petitioner is claiming that his conduct should serve as an independent basis to vacate his current sentence and then re-sentence him, he is mistaken. The court may modify a final sentence only under the authority of 18 U.S.C. § 3582(c), and none of that statute's provisions apply to petitioner's claim. To state it succinctly, the court has no authority to do what petitioner asks. Furthermore, petitioner completed service of his sentence on December 18, 2015, so the issue is moot.

Petitioner's second claim is accordingly meritless.

## V. Conclusion

Petitioner's motion and the records of this case show conclusively that he is entitled to no relief and that no hearing is warranted, 28 U.S.C. §2255(b); Rule 8, Rules Governing Section 2255 Proceedings. Therefore, for the reasons discussed above, the Court holds that petitioner's sentencing was not in violation of the constitution or laws of the United States and his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, doc. 266, is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel,* 529 U.S. 473 (2000). *Id.* Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment will enter.

ENTER:

　　　　　　　　　　　　　　　　　s/ Leon Jordan
　　　　　　　　　　　　　　　United States District Judge